UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRODERICK JAMES WARFIELD, | No. 2:23-cv-1546 KJM DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| WALT TIBBET, et al., | |
| Defendants. | |

Plaintiff is a former[1] state prisoner proceeding pro se with this civil rights action seeking relief pursuant to 42 U.S.C. § 1983.  Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2), requests to submit sealed documents (ECF Nos. 9, 11), third amended complaint (ECF No. 12), motion for discovery (ECF No. 13), and motion for a temporary restraining order (ECF No. 14.).  For the reasons provided below, the undersigned will recommend that the third amended complaint be dismissed without leave to amend, and that

////

---

[1] In the third amended complaint, plaintiff states that he is a civilly committed detainee and a convicted and sentenced state prisoner. (ECF No. 12 at 4.) According to California Department of Corrections and Rehabilitation (CDCR) records, plaintiff is not currently in CDCR custody. See https://inmatelocator.cdcr.ca.gov/Results.aspx.  The court may take judicial notice of information stored on the CDCR inmate locator website. See In re Yahoo Mail Litig., 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014) (a court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); Louis v. McCormick &Schmick Restaurant Corp., 460 F. Supp. 2d 1153, 1155 fn.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

1

plaintiff's motion to proceed in forma pauperis and motion for a temporary restraining order be denied as moot. Plaintiff's remaining motions and requests will be denied as moot.

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.
Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.    Allegations in the Complaint**

Plaintiff initiated this action on July 24, 2023.[2] (ECF No. 1 at 11.) The court will screen plaintiff's most recent pleading, the third amended complaint. (ECF No. 12.)

The third amended complaint names seven defendants: Walt Tibbet, former Chief of Police of the Fairfield Police Department; Donald Dubain and Krishna Abrams of the Solano County District Attorney's Office; Elana D'Augustino and Oscar Bobrow of the Solano County Public Defender's Office; and Gagan Mall and Karen Phillips, mental health specialists at the

---

[2] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Campbell v. Henry, 614 F.3d 105, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

Department of State Hospitals. (ECF No. 12 at 2–3.) According to plaintiff, in 2011, he called the Fairfield Police Department to warn that a police officer would be murdered. (Id. at 4.) He was subsequently arrested and arraigned for threatening a police officer. (Id.) While plaintiff was in custody, a police officer in Vallejo was killed in the line of duty. (Id. at 4–5, 34.) Another individual, Henry Albert Smith, was arrested and later convicted of the officer's murder. (Id. at 34.) Plaintiff states that Smith was represented by the Solano County Public Defender's Office. (Id.)

Plaintiff further claims that, after completing his sentence in 2015, he gave a recorded, sworn statement to Smith's defense team. (Id.) However, the Solano County Public Defender's Office allegedly withheld plaintiff's recorded statement from a special grand jury convened to examine the officer's murder. (Id.)

At a later, unspecified date, plaintiff was confined at Napa State Hospital, allegedly upon the request of the Solano County Public Defender's Office. (Id. at 43.) During his hospitalization, plaintiff was forcibly medicated. (Id.) His remaining allegations are unclear, but he claims that his confidential health information was published online in an article by McNaughton Newspapers and suggests that this information was provided to the news outlet by defendant Phillips. (Id.)

### III.  Failure to State a Claim

Examination of the third amended complaint and the court's docket reveals that the third amended complaint in this action contains allegations nearly identical to, and therefore duplicative of, pleadings filed in Warfield v. Solano Public Defenders Offices, 2:22-cv-0782 TLN JDP (E.D. Cal.). In that case, the court found that plaintiff's operative complaint failed to state a claim and that granting plaintiff leave to amend would not cure its deficiencies. (Warfield, 2:22-cv-0782, ECF No. 31 at 4–5.) On February 16, 2023, it dismissed the operative complaint without leave to amend. (Id., ECF No. 37.) Plaintiff filed an appeal, which was dismissed on July 20, 2023. (Id., ECF Nos. 39, 45.) Plaintiff initiated the instant action on July 24, 2023. (ECF No. 1 at 11.)

////

"A complaint 'that merely repeats pending or previously litigated claims'" is subject to dismissal under 28 U.S.C. § 1915(e). Cato v. United States, 70 F.3d 1103, 1105 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)). "[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e). See Bailey, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" Adams v. California Dep't of Health Servs., 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

To determine whether a claim is duplicative, courts use the test for claim preclusion. Adams, 487 F.3d at 688. "Thus, in assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. at 689 (citations omitted). "Plaintiff's generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Id. at 688 (internal quotation marks and citations omitted).

In the previous action, Warfield v. Solano Public Defenders Offices, 2:22-cv-0782 TLN JDP, plaintiff sued several individuals, including the officials named as defendants in the instant action. (Warfield, 2:22-cv-0782, ECF No. 30 at 5–6.) In each action, plaintiff alleges that he warned the Fairfield Police Department that a police officer would be murdered, and that the Department subsequently ignored his warning, leading to the officer's death. (Warfield, 2:22-cv-0782, ECF No. 30 at 9.) In both actions, he claims that the Solano County Public Defender's Office mishandled his recorded statement regarding the officer's murder and blames the Office for his forcible medication. (Id.) He also accuses staff at Napa Staff hospital of violating his privacy rights. (Id. at 15, 17.)

For these reasons, the court finds that this action is duplicative of Warfield v. Solano Public Defenders Offices, 2:22-cv-0782 TLN JDP, as it states the same allegations. Accordingly, the third amended complaint should be dismissed.

**LEAVE TO AMEND**

The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Here, as discussed above, plaintiff has filed pleadings that are nearly identical to those dismissed in a previous action. In that action, the court dismissed the operative complaint without leave to amend because it determined that defendant had failed to state a cognizable claim and that amendment would be futile. (Warfield v. Solano Public Defenders Offices, 2:22-cv-0782, ECF Nos. 31, 37.) For these reasons, the undersigned finds that granting leave to amend the third amended complaint in this action would be futile and recommends that the third amended complaint be dismissed without leave to amend.

**IN FORMA PAUPERIS**

As stated above, plaintiff filed a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 along with the complaint. (ECF No. 2.) However, because the undersigned recommends dismissal of this action without leave to amend, it is recommended that plaintiff's request to proceed in forma pauperis be denied as moot.

**REQUESTS TO FILE SEALED A DOCUMENT**

On August 7, 2023, plaintiff requested to file a Fairfield Police Department report as a sealed document, pursuant to Local Rule 141. (ECF No. 9.) A week later, on August 14, he submitted another request to submit the same document as an electronically sealed document. (ECF No. 11.) He did not file a copy of the report with either request. As the undersigned recommends dismissal of this action without leave to amend, plaintiff's requests to file a sealed document will be denied as moot.

////

////

**MOTION FOR DISCOVERY**

On August 30, 2023, plaintiff filed a motion for discovery, in which he sought access to several documents in defendants' possession, including the recorded statement he gave to Henry Albert Smith's legal team, copies of all signed contracts between plaintiff and an attorney at the Solano County Public Defender's Office, and the Fairfield Police Department report he sought to file as a sealed document.  (ECF No. 13.)  The undersigned recommends dismissing this action without leave to amend, and will therefore deny the motion for discovery as moot.

**MOTION FOR TEMPORARY RESTRAINING ORDER**

On September 9, 2023, plaintiff filed a motion for a temporary restraining order against all defendants named in the third amended complaint.  (ECF No. 14.)  Plaintiff appears to request that the court enjoin defendants from withholding the recorded statement he gave to Henry Albert Smith's defense team as Smith appeals his conviction, and to grant plaintiff leave to file a complaint against defendants Mall and Phillips with the Psychiatric Medical Board of California.  (Id.)

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Glossip v. Gross, 576 U.S. 863, 876 (2015) (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).  "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction."  All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

Here, the undersigned has recommended that this action be dismissed without leave to amend.  As such, plaintiff's motion for a temporary restraining order (ECF No. 14) should be denied as moot.

////
////
////
////

7

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests to file sealed documents (ECF Nos. 9, 11) are denied as moot; and

2. Plaintiff's motion for discovery (ECF No. 13) is denied as moot.

IT IS RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied as moot.

2. Plaintiff's third amended complaint (ECF No. 12) be dismissed without leave to amend.

3. Plaintiff's motion for a temporary restraining order (ECF No. 14) be denied as moot.

These findings and recommendations are submitted to the United States Magistrate Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty days after being served these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 18, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:15
DB/DB Prisoner Inbox/Civil Rights/S/warf1546.scrn