UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRODERICK JAMES WARFIELD, | No. 2:23-cv-1546 KJM DB P |
| Plaintiff, | |
| v. | ORDER |
| WALT TIBBET, et al., | |
| Defendants. | |

Plaintiff is a former[1] state prisoner proceeding pro se with this civil rights action seeking relief pursuant to 42 U.S.C. § 1983.  Presently before the court are plaintiff's motions to seal, requests for discovery, motion to amend, and request to submit documents electronically.

On September 18, 2023, the undersigned issued findings and recommendations recommending that the third amended complaint be dismissed without leave to amend because the allegations in the complaint are duplicative of the allegations raised in Warfield v. Solano

---

[1] In the third amended complaint, plaintiff states that he is a civilly committed detainee and a convicted and sentenced state prisoner. (ECF No. 12 at 4.) According to California Department of Corrections and Rehabilitation (CDCR) records, plaintiff is not currently in CDCR custody. See https://inmatelocator.cdcr.ca.gov/Results.aspx.  The court may take judicial notice of information stored on the CDCR inmate locator website.  See In re Yahoo Mail Litig., 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014) (a court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); Louis v. McCormick &Schmick Restaurant Corp., 460 F. Supp. 2d 1153, 1155 fn.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).  It is not clear if plaintiff is presently under a civil commitment order.

1

Public Defenders Offices, 2:22-cv-0782 TLN JDP (E.D. Cal.).  (ECF No. 15 at 3-6.)  The findings and recommendations are presently pending before the district court.

## MOTIONS TO SEAL

### I. Background

Plaintiff has filed three motions seeking to seal various documents.  Additionally, as set forth in the court's December 21, 2023, order, two documents were inadvertently sealed.  (See ECF No. 33.)  The undersigned will now rule on plaintiff's motions to seal as set forth below.

Plaintiff's motions seek to seal various exhibits filed in support of plaintiff's claims in this action.  The undersigned notes that findings and recommendations recommending that the complaint be dismissed as duplicative remain pending before the district court.  (ECF No. 15.)  Thus, the documents plaintiff seeks to file under seal were not filed in support of a dispositive motion or plaintiff's objections to the findings and recommendations.

### II. Motions to Seal

Plaintiff's first motion seeks to seal several documents submitted along with a statement supporting his request to seal.  (ECF No. 28.)  Therein, plaintiff argues the court should seal the filing "to protect the privacy and well-being of the individuals involved," disclosing the details could "jeopardize the petitioners well being and compromise their confidentiality, and potentially harm their reputation."  (ECF No. 28 at 1.)

Plaintiff's second motion to seal again states that the documents should be sealed "due to the sensitive nature of this matter" and "sealing the order is necessary to protect the privacy and well-being of the individuals involved" because "[d]isclosing the details of this request may jeopardize the petitioners well being and compromise their confidentiality, and potentially harm their reputation." (ECF No. 31 at 1.)

Plaintiff's third motion to seal seeks to file three exhibits under seal and is supported by a statement identical to the statement filed in support of his second motion to seal.  (ECF No. 32.)

### III. Legal Standards

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  Kamakana v. City & City of

1  Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435
2  U.S. 589, 597 & n.7 (1978)); see also E.D. Cal. Local Rule 141.
3  　　　　"A party seeking to seal a judicial record . . . bears the burden of overcoming the strong
4  presumption by meeting the 'compelling reasons standard.'" Kamakana, 447 F.3d at 1178
5  (quoting Foltz v. State Farm Mutual Auto Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). "Unless
6  a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of
7  access' is the starting point." Id. (citing Foltz, 331 F.3d at 1135.)  To meet this standard, the party
8  must "articulate compelling reasons supporting by specific factual findings that outweigh the
9  general history of access and the public policies favoring disclosure, such as the public interest in
10 understanding the judicial process." Id. (internal citations and quotations omitted).  The court
11 must then "balance the competing interests of the public and the party who seeks to keep certain
12 judicial records secret." Id.
13 　　　　When, the material is, at most, "tangentially related to the merits of the case," the request
14 to seal may be granted on a showing of "good cause." Kamakana, 447 F.3d at 1097.
15 　　**IV.　　Analysis**
16 　　　　Here, the motions to seal seek to seal—in its entirety—several different documents.
17 Without disclosing the nature of the documents, they relate to plaintiff's claims in this action.
18 The motions, however, do not articulate specific reasons supporting the filing under seal of each
19 of the various items.  Nor does it provide "the statutory or other authority for sealing, the
20 requested duration, the identity, by name or category, of persons to be permitted access to the
21 documents, and all other relevant information" as required by Local Rule 141(b).
22 　　　　In support of the request to seal, plaintiff has indicated generally that sealing will protect
23 the reputation and well-being of the individuals involved.  (ECF No. 28 at 1; ECF No. 31 at 1;
24 and ECF No. 32 at 1-3.)  Plaintiff is advised that a generalized assertion of privacy, without more,
25 is not sufficient to bar disclosure of a judicial record.  Kamakana, 447 F.3d at 1184 ("Simply
26 mentioning a general category of privilege [such as privacy], without any further elaboration or
27 any specific linkage with the documents, does not satisfy the burden" to show compelling reasons
28 to seal information from public access.).

1    Plaintiff has not articulated specific reasons supporting sealing each of the various items
2 he requests be filed under seal.  While portions of the filing may justify sealing, some portions are
3 not suitable for sealing.  Particularly those portions which are matters of public record in state
4 criminal court proceedings.  Plaintiff is advised that an abstract of judgment is a public record of
5 state court proceedings.  See Daniels v. Valencia, No. 1:17-cv-0492 DAD EPG (PC), 2018 WL
6 3640321, at *3 (E.D. Cal. July 30, 2018).  The court finds that plaintiff has not shown that the
7 requested documents should be filed under seal.  Accordingly, the requests will be denied without
8 prejudice.  In any renewed motion to file documents under seal, plaintiff should articulate the
9 reason each document should be filed under seal.

## MOTION FOR POST JUDGMENT RELIEF

11   Plaintiff filed a motion seeking relief from judgment.  (ECF No. 16.)  He states evidence
12 submitted in the emergency motion submitted on September 9, 2023, he noted that "the Chief of
13 Police, Executive district attorneys, and Executive public defenders, and officials have
14 collectively subjected a citizen to false imprisonment and withheld exculpatory evidence during a
15 high-stakes capital case."  (Id. at 1.)  He states the failure to do so "caused significant harm and
16 violated the rights of the affected individual."  He alleges an emergency call indicating an officer
17 would be shot was mishandled and resulted in "the immediate detention of an innocent
18 individual" being falsely imprisoned.  (Id. at 2.)
19    He further states that officials deliberately withheld exculpatory evidence during the death
20 penalty phase of "the client Henry Albert Smith" concerning "capital case trial VCR 213103."
21 He states that "officials . . . created an environment rife with conflict of interest and their
22 involvement in the crime fraud exception upon the Marsdens' hearing conducted in case FCR
23 320227, that subjected the petitioner to injury and harm by involuntary forced medications
24 against his will."  (Id.)  He argues that in light of the "misconduct perpetrated by the defendants
25 in this civil action . . . it is imperative that post-judgment relief be sought to rectify the injustices
26 inflicted" upon him.  (Id.)
27 ////
28 ////

As set forth above, the findings and recommendations remain pending before the district court. Thus, judgment has not been entered. Because judgment has not been entered, the court will deny the motion for relief from judgment as premature.

## MOTION FOR DISCOVERY

Plaintiff has filed a motion requesting discovery. (ECF No. 19.) He specifically requests production of documents, including administrative complaints filed with the Medical Board of California and the California Board of Psychology as well as testimony in a Solano County criminal case. (Id. at 1, 2.)

Defendants have not appeared in this action and a discovery and scheduling order has not issued. Thus, any order permitting plaintiff to conduct discovery is premature. Moreover, the undersigned issued findings and recommendations on September 18, 2023, recommending that the complaint be dismissed. (See ECF No. 15.) Accordingly, any order directing a party to produce documents may become moot if the district court adopts the findings and recommendations.

## PITCHESS MOTION FOR DISCOVERY

Plaintiff has filed a motion captioned "PITCHESS MOTION DISCOVERY." (ECF No. 20.) The document provides a list of documents sought largely relating to Solano County Police Report # 11-10997. As set forth above, any motion for discovery should be denied as premature and potentially moot. Accordingly, the court will deny the motion for discovery without prejudice.

## MOTION TO AMEND

Plaintiff moves to amend the complaint. (ECF No. 25.) It appears that plaintiff seeks to add additional defendants identified as police officers Aagaard and Carter as well as Jeffrey Kauffman and Jackson Harris of the Solano County District Attorney's Office. (Id. at 1-2.) He argues that addition of these defendants is necessary because "they are directly implicated in the alleged constitutional violations described in the complaint. (Id.) As previously stated, the undersigned has recommended that the complaint be dismissed as duplicative. Addition of the identified defendants does not change the undersigned's determination that this action should be

5

dismissed as duplicative. The court's determination that amendment of the complaint would be futile is also unchanged by the proposed addition of the identified defendants. Accordingly, the undersigned will deny the motion to amend the complaint without prejudice. In the event the findings and recommendations are not adopted, plaintiff may submit a renewed motion to amend the complaint to add these defendants.

## REQUEST TO SUBMIT DOCUMENTS ELECRONICALLY

Plaintiff seeks permission to electronically file documents through the Case Management/Electronic Case Files (CM/ECF) system. (ECF No. 26.) In support of his request, he states he believes electronic submission of documents would promote efficiency. He further states he has the necessary technical skills and resources to competently navigate the CM/ECF system, he understands the guidelines, and will follow the prescribed procedures. (Id. at 1.)

The Local Rules generally require pro se parties to file and serve paper documents. See E.D. Cal. Local Rule 133(a). Pro se litigants may only utilize electronic filing if they receive permission from the assigned judge or magistrate judge. E.D. Cal. Local Rule 133(b)(2). To request an exception, the party must file "[a] motion[] setting out an explanation of reasons for the exception." E.D. Cal. Local Rule 133(b)(3).

Plaintiff has stated he understands the guidelines, will comply with procedure, and possesses the necessary technical skills to electronically file documents. However, it is not clear whether he is aware of all the requirements applicable to electronic filing. Therefore, the undersigned will deny the request without prejudice.

In any amended motion to e-file plaintiff should including a declaration stating: (1) he is aware of the e-filing requirements[2] in this court and agrees to abide by them[3]; (2) indicating whether he has access to the hardware and software necessary for electronic filing; and (3) indicating whether he has regular access to the internet, an email account for receiving

---

[2] Rules related to e-filing in this district are available on the court's website at: https://www.caed.uscourts.gov/caednew/index.cfm/cmecf-e-filing/rules-pertaining-to-electronic-filing/

[3] Plaintiff is advised that if he is approved to file documents electronically, he will no longer receive documents by mail and he can no longer submit filings by mail.

notifications from the electronic filing system, a PACER (Public Access to Court Electronic Records) account, a word processing program, PDF conversion software to convert word processing documents into .pdf format, and a scanner for exhibits or other supporting documents that only exist in paper format.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to seal (ECF Nos. 28, 31, 32) are denied;
2. The Clerk of the Court shall return the documents sought to be filed under seal dated December 8, 2023, to plaintiff;
3. The previously sealed document (ECF No. 29) shall be stricken and returned to plaintiff;
4. Plaintiff's motion for post-judgment relief (ECF No. 20) is denied without prejudice;
5. Plaintiff's motion for discovery (ECF No. 19) is denied without prejudice;
6. Plaintiff's Pitchess motion for discovery (ECF No. 24) is denied without prejudice;
7. Plaintiff's motion to amend (ECF No. 25) is denied without prejudice; and
8. Plaintiff's motion for permission to file documents electronically (ECF No. 26) is denied without prejudice.

Dated: January 4, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/warf1546.seal+var

7